UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John J. Grech & Associates, P.C.,

      Plaintiff,

v.                              Case No. 06-10933

Metropolitan Life Insurance Company      Honorable Sean F. Cox
and General Motors Corporation,

      Defendants.
_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND
## AND DISMISSING DEFENDANT'S MOTION TO DISMISS AS MOOT

In this action, Plaintiff brought breach of contract, quantum meruit, and tort claims against two Defendants in state court. Although Plaintiff and one of the Defendants are both citizens of Michigan, Defendants removed the matter to this Court asserting diversity jurisdiction, claiming that Plaintiff fraudulently joined one of the Defendants. This matter is currently before the Court on Plaintiff's Motion to Remand and a Motion to Dismiss filed by Defendant General Motors Corporation ("GM"). The parties have fully briefed the issues and the Court heard oral argument on November 16, 2006. For the reasons set forth below, Plaintiff's Motion to Remand shall be **GRANTED** and this action shall be remanded to Wayne County Circuit Court for lack of subject matter jurisdiction. In addition, GM's Motion to Dismiss shall be **DISMISSED AS MOOT**.

1

BACKGROUND

On January 27, 2006, Plaintiff John J. Grech & Associates, P.C. ("Grech") filed suit against Metropolitan Life Insurance Company ("MetLife") and GM in Wayne County Circuit Court.  Grech's complaint asserts the following claims: "Breach of Contract" (Count I); "Tortious Interference with Contract" (Count II); "Tortious Interference with Business Expectancy" (Count III); "Business Defamation" (Count IV); and "Quantum Meruit" (Count V). Grech is a Michigan law firm.  Grech claims that for many years, pursuant to written and unwritten agreements, GM, through its agent MetLife, referred[1] employees who were receiving sickness and accident benefits or disability benefits to Grech so that they could be represented by that firm with respect to their claims and/or appeals for social security disability benefits. Grech claims that in January, 2005, MetLife breached its agreements with Grech and, through false and defamatory statements which include letters sent to 2,800 plan participants, caused persons to terminate representation with Grech or refuse to enter into representation agreements, thereby damaging Grech.

On March 1, 2006, Defendants removed the action to this Court asserting that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 ("diversity jurisdiction").  As drafted, the complaint does not reflect complete diversity of the parties because Grech and GM are both considered Michigan citizens.  Defendants contend, however, that there are no allegations of wrongdoing by GM and that GM was improperly named as a party to destroy diversity jurisdiction.

---

[1]When a claimant receives social security benefits, the amount of benefits payable by the Plan for disability benefits decreases.  Thus, there is a financial incentive to assist beneficiaries with such actions.

2

On March 16, 2006, Grech filed a Motion to Remand, asserting that the removal by Defendants was improper.  On April 3, 2006, GM filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

ANALYSIS

Because the Court should consider GM's Motion to Dismiss only if it first determines that it has subject matter jurisdiction over this matter, Plaintiff's Motion to Remand must be decided first.[2]

I.    Grech's Motion to Remand

When an action is removed based on diversity, the court must determine whether complete diversity exists.  *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Diversity jurisdiction attaches only when all parties on one side of the litigation are of different citizenship from all parties on the other side of the litigation.  *Id.*  A party seeking removal bears the burden of establishing its right thereto.  *Id*. at 493.

Here, there is no dispute that diversity does not exist on the face of Plaintiff's complaint because Grech and GM are both Michigan citizens.  Defendants assert that removal is nonetheless proper because Grech fraudulently joined GM in order to defeat diversity jurisdiction.

"Fraudulent joinder" is a judicially created doctrine that provides an exception to the

_____

[2]If the Court determines that there was no fraudulent joinder and the Court therefore lacks subject matter jurisdiction, it should remand the matter to state court without addressing the Motion to Dismiss.  Alternatively, if the Court determines that fraudulent joinder exists and the Motion for Remand should be denied, the Court can then proceed to determine the Motion to Dismiss.

3

requirement of complete diversity. *Coyne*, 183 F.3d at 493. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id*. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, the court must remand the action to state court. In addition, the district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. Thus, "[a]ll doubts as to the proprietary of removal are resolved in favor of remand." *Id.*

Grech filed this motion seeking to remand this matter to Wayne County Circuit Court asserting that Defendants cannot meet their burden of showing that Plaintiff has no colorable claim against GM. Grech states that the complaint alleges that at all times Metlife, the administrator of the GM plans, acted as an agent of GM and states that a principal is liable for the acts of its agent. *Tucci v. Hartford Cas. Ins. Co.*, 561 N.Y.S.2d 802, 803 (1990). In support of its motion, Grech also attaches an affidavit from John Grech, who states that GM approved the selection of Grech to represent GM plan participants, was involved in the negotiation of the contract, and directed that the communication sent to plan participants, that is directly at issue in this action, was made on behalf of both GM and Metlife. In addition to his affidavit, Grech attached the form letter that was sent to plan participants by MetLife and it expressly states "I am writing to you on behalf of Metropolitan Life Insurance Company ("MetLife") and General Motors Corporation ("GM") . . ."

In response, GM does not dispute that a principal may be held liable for acts done by his agent. Rather, GM asserts that Grech cannot rely on post-removal pleadings like the affidavit

4

and letter he submitted with his motion to support the agency assertions.  GM asserts that the
Court is limited to reviewing the complaint and the removal petition and asserts that the
complaint contains only legal conclusions as to any alleged agency relationship between GM and
MetLife and is devoid of factual allegations to support that relationship.  GM also asserts that
because there is an express contract which covers the same subject matter as the quantum meruit
claim against GM, Grech has failed to state a quantum meruit claim against GM.

It is undisputed that a principal can be held liable for the acts of his agent.  Grech's
complaint expressly alleges that at all relevant times MetLife was acting as GM's agent.  (*See*
Compl. at 1 & 2).  Given the liberal notice pleading standard of FED. R. CIV. P. 8, based on the
complaint alone, the Court is satisfied that Grech has stated colorable claims against GM based
on an agency relationship.

In addition, the Grech Affidavit and the letter Plaintiff attached further support that
Plaintiff has a colorable claim against GM based on an agency relationship.  Notably, GM does
not contest that those materials may show an agency relationship and therefore a colorable
claim.[3]  Rather, GM simply urges the Court not to consider those materials.  However, numerous
courts across the country look beyond the complaint in making a fraudulent joinder
determination.  *See, e.g.*, 4 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND
PROCEDURE, §3723.

Moreover, it appears that the Sixth Circuit allows a court to look beyond the complaint
and consider affidavits/declarations when determining if fraudulent joinder has occurred.  In

---

[3]At the November 16, 2006 hearing, Defense counsel conceded that the attachments to
Grech's Motion to remand "could perhaps support a claim against GM."

5

*Boladian v. UMG Recordings, Inc.*, 123 Fed. Appx. 165, 168 (6th Cir. 2005), defendants attached a declaration from a company representative to their brief in opposition to plaintiff's motion to remand. Notably, the district court, and the appellate court, considered that declaration in determining whether there was fraudulent joinder. The appellate court referenced and quoted the declaration in its opinion. Thus, under *Boladian,* this Court can consider the materials that Grech submitted in support of his Motion to Remand.

For these reasons, the Court concludes that Plaintiff has a colorable claim against GM and that fraudulent joinder does not exist. The Court shall therefore grant Grech's Motion to Remand and this matter shall be remanded to Wayne County Circuit Court for lack of subject matter jurisdiction.

II.     GM's Motion To Dismiss

 Because this Court lacks subject matter jurisdiction over this matter, it has no power to determine any issues outside of the Motion to Remand, such as those contained in GM's Motion to Dismiss. Moreover, the Court's decision to remand the matter to Wayne County Circuit Court renders GM's Motion to Dismiss moot.

<u>CONCLUSION & ORDER</u>

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion to Remand [Docket Entry No. 2] is **GRANTED** and this action is hereby **REMANDED** to Wayne County Circuit Court for lack of subject matter jurisdiction.  **IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant GM [Docket Entry No. 6] is **DISMISSED AS MOOT.**

**IT IS SO ORDERED.**


                                        S/Sean F. Cox_____
                                        Sean F. Cox
                                        United States District Judge

Dated:  November 20, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 20, 2006, by electronic and/or ordinary mail.

                                        _____S/Jennifer Hernandez_____
                                        Case Manager